15-1896-ag
*Huerta-Morales v. Sessions*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of March, two thousand seventeen.

PRESENT:     JOSÉ A. CABRANES,
                     RICHARD C. WESLEY,
                               *Circuit Judges,*
                     VICTOR MARRERO,
                               *District Judge.*[*]

---

JOSE ANTONIO HUERTA-MORALES,

    *Petitioner,*          15-1896-ag

    v.

JEFFERSON B. SESSIONS III, UNITED STATES
ATTORNEY GENERAL,

    *Respondent.*[#]

---

**FOR PETITIONER:**          James G. McKeon, New Canaan, CT.

---

[*] Victor Marrero, Judge of the United States District Court for the Southern District of New York, sitting by designation.

[#] The Clerk of Court is directed to amend the official caption as set forth above.

**FOR RESPONDENT:**                                    Claire L. Workman, Senior Litigation
                                                       Counsel (Benjamin C. Mizer, Principal
                                                       Deputy Assistant Attorney General, Civil
                                                       Division; Keith I. McManus, Assistant
                                                       Director, Office of Immigration
                                                       Litigation, *on the brief*), U.S Department of
                                                       Justice, Washington, D.C.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review be and hereby is **GRANTED in part** and **DISMISSED in part**.

Petitioner Jose Antonio Huerta-Morales, a native and citizen of Mexico, seeks review of a May 12, 2015 decision of the BIA affirming the October 29, 2013 decision of an Immigration Judge ("IJ") that ordered Huerta-Morales removed and denied adjustment of status and cancellation of removal. *In re Jose Antonio Huerta-Morales,* No. A098 579 366 (B.I.A. May 12, 2015), *aff'g* No. A098 579 366 (Immig. Ct. Hartford Oct. 29, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the BIA's and IJ's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review factual findings for substantial evidence and questions of law *de novo. See Yangin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

I.     **Adjustment of Status**

In order to be eligible for an adjustment of status under the Immigration and Nationality Act ("INA") § 245(i), an applicant must demonstrate, among other things, that he "is admissible to the United States." 8 U.S.C. § 1255(i)(2)(A). The agency denied Huerta-Morales's application for adjustment of status on the grounds that he is inadmissible under INA § 212(a)(9)(B)(i)(II), which defines inadmissible persons to include anyone who "has been unlawfully present in the United States for one year or more, and who again seeks admission within 10 years of the date of such alien's departure or removal from the United States." 8 U.S.C. § 1182(a)(9)(B)(i)(II). Huerta-Morales argues that the agency erred in finding him inadmissible because the ten-year period following his last departure from the United States, which occurred in 1999, has expired. The Government does not respond to the merits of Huerta-Morales's argument, but contends instead that he failed to raise the argument before the BIA. We disagree.

In his brief to the BIA, Huerta-Morales argued that the IJ "refused to facially consider whether *any* departure bar can be implicated . . . [for] one who has been continuously physically present and domiciled in the US and has not departed for more than ten years since the last entry; and is seeking 'admission' . . . more than ten years after the last entry." Administrative Record 12.

He also stated that "[t]he IJ erred as a matter of law and construction and abused his permitted discretion in finding [him] inadmissible in the circumstances and pretermitting [his] application for . . . adjustment." *Id.* Although the Government faults Huerta-Morales for not including supporting legal citations in his BIA appeal brief, he raised the argument with specificity before the BIA and therefore exhausted it. *See Brito v. Mukasey*, 521 F.3d 160, 164 (2d Cir. 2008) ("[I]n order to preserve an issue for review by this Court, the petitioner must not only raise it before the BIA, but do so with specificity."). Accordingly, the BIA erred by failing to consider the argument and stating that Huerta-Morales "d[id] not dispute that he is inadmissible." Administrative Record 3; *see Yan Chen v. Gonzales*, 417 F.3d 268, 272 (2d Cir. 2005) ("The BIA, when considering an appeal, must actually consider the evidence and argument that a party presents." (internal quotation marks omitted)).

Because neither the BIA nor the IJ considered whether Huerta-Morales remained inadmissible even though INA § 212(a)(9)(B)(i)(II)'s 10-year period had expired, we grant his petition for review insofar as it relates to the denial of his adjustment of status and remand for the agency to consider this issue in the first instance. *See Gonzales v. Thomas*, 547 U.S. 183, 186 (2006) ("A court of appeals is not generally empowered to conduct a *de novo* inquiry into the matter being reviewed and to reach its own conclusions based on such an inquiry." (internal quotation marks omitted)).

## II. Cancellation of Removal

In order to demonstrate eligibility for cancellation of removal, a nonpermanent resident like Huerta-Morales must establish, among other things, that his "removal would result in exceptional and extremely unusual hardship to [his] spouse, parent, or child, who is a citizen of the United States . . . ." 8 U.S.C. § 1229b(b)(1)(D). The standard of "exceptional and extremely unusual hardship" is limited to "truly exceptional" situations and requires a showing of hardship that is "substantially beyond the ordinary hardship that would be expected" when a close family member leaves the country. *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 62 (B.I.A. 2001); *Barco-Sandoval v. Gonzales*, 516 F.3d 35, 39 (2d Cir. 2008). In making this hardship determination, "consideration should be given to the age, health, and circumstances of the qualifying family members, including how a lower standard of living or adverse country conditions in the country of return might affect those relatives." *In re Recinas*, 23 I. & N. Dec. 467, 468-69 (B.I.A. 2002) (citing *In re Monreal-Aguinaga*, 23 I. & N. Dec. at 63).

Because the agency denied cancellation of removal based on Huerta-Morales's failure to establish "exceptional and extremely unusual hardship," our review is limited to constitutional claims and questions of law. *See* 8 U.S.C. § 1252(a)(2)(B), (D); *Barco-Sandoval*, 516 F.3d at 39. In order to ascertain whether a petitioner raises constitutional challenges or questions of law over which we have jurisdiction, we must "study the argument[ ] asserted [and] . . . determine, regardless of the rhetoric employed in the petition, whether it merely quarrels over the correctness of the factual

3

finding or justification for the discretionary choices, in which case the court would lack jurisdiction." *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006).

Huerta-Morales argues that the agency applied an incorrect legal standard and failed to properly consider the evidence of his U.S.-citizen daughter's hardship. We disagree. The agency considered the appropriate factors and explicitly acknowledged Huerta-Morales's concerns for his daughter's safety and education; it simply concluded that those concerns did not rise to the level of "exceptional and extremely unusual hardship." Huerta-Morales's challenges to the denial of cancellation of removal merely employ the rhetoric of a legal challenge to "'quarrel[] over the correctness of the factual findings or justification for the discretionary choices' made by the agency." *Barco-Sandoval*, 516 F.3d at 42 (quoting *Xiao Ji Chen*, 471 F.3d at 329). As a result, we lack jurisdiction to review his petition insofar as it relates to the denial of cancellation of removal.

## CONCLUSION

For the foregoing reasons, the petition for review is **GRANTED** in part, as it relates to the denial of adjustment of status, and **REMANDED** to the agency for further proceedings consistent with this order, and **DISMISSED** in part, as it relates to the denial of cancellation of removal, for lack of jurisdiction. As we have completed our review, any stay of removal that the Court previously granted in this petition is **VACATED**, and any pending motion for a stay of removal in this petition is **DISMISSED** as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4